UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARSON MOTORS INC,<br><br>                    Plaintiff,<br><br>         v.<br><br>PHOENIX INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. C15-85 BHS<br><br>ORDER REQUESTING RESPONSE |

This matter comes before the Court on Plaintiff Larson Motors, Inc. ("Larson") motion for reconsideration (Dkt. 50).

On October 20, 2015, Defendant Phoenix Insurance Company ("Phoenix") filed a motion for summary judgment. Dkt. 11. On December 18, 2015, the Court granted the motion. Dkt. 48. On December 23, 2015, Larson filed a motion for reconsideration. Dkt. 50. Larson contends that the Court failed to consider its arguments that (1) Valley was operated illegally in violation of RCW 46.70.021(1); and (2) coverage applies under the trick or scheme conjunctive terms. *Id*. The Court addressed what seemed to be Larson's best argument and concedes that it did not address all of the arguments presented. Upon further review, the Court will, at the very least, issue an amended opinion addressing all of these arguments.

ORDER - 1

No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request. The request will set a time when the response is due, and may limit briefing to particular issues or points raised by the motion, may authorize a reply, and may prescribe page limitations. Local Rules, W.D. Wash. LCR 7(h)(3).

While Phoenix may respond to all of Larson's arguments, the Court requests a response to the illegal operation argument. Larson contends that "under the Court's reasoning, no Washington business or consumer would have recourse for someone operating as an unlicensed dealer, so long as it fraudulently did business in the name of a licensed entity." Dkt. 50 at 7. It is difficult to see how this case results in this proposition because this case involves an independent contractor that entered into a contract to manage a dealership. Dkt. 15-5 at 32, ¶ 3. As such, it would seem that any third-party management arrangement such as the one described in this case would be covered under RCW 46.70.027, which holds the vehicle dealer accountable for the actions of the managerial personnel. Phoenix may file a response no longer than 16 pages, no later than January 22, 2016. Larson may file a reply no longer than 8 pages, no later than January 29, 2016.

**IT IS SO ORDERED**.

Dated this 12th day of January, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge