UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARSON MOTORS, INC.,

Plaintiff,

v.

PHOENIX INSURANCE COMPANY,

Defendant.

CASE NO. C15-85 BHS

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Defendant Phoenix Insurance Company's ("Phoenix") motion for partial summary judgment (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 20, 2015, Plaintiff Larson Motors, Inc. ("Larson") filed a complaint against Phoenix asserting causes of action for declaratory judgment regarding covered losses under an insurance contract, breach of contract, violations of the Washington

Consumer Protection Act, violation of the duty of good faith and fair dealing, and violations of the Washington Insurance Fair Conduct Act. Dkt. 1.

On October 20, 2015, Phoenix filed a motion for partial summary judgment. Dkt. 11. On November 9, 2015, Larson responded. Dkt. 27. On November 13, 2015, Phoenix replied. Dkt. 34.

On December 1, 2015, the case was transferred to the Tacoma division and assigned to the undersigned. Dkt. 42.

On December 18, 2015, the Court granted Phoenix's motion. Dkt. 48. On December 23, 2015, Larson filed a motion for reconsideration. Dkt. 50. On January 12, 2016, the Court requested a response and set a briefing schedule. Dkt. 56. On January 22, 2016, Phoenix responded. Dkt. 60. On January 28, 2016, Larson replied. Dkt. 61.

## II. FACTUAL BACKGROUND

This case concerns a Commercial Auto Policy that Phoenix issued to Larson for a policy period of August 1, 2010, to August 1, 2011. Dkt. 15, Declaration of John Westra ("Westra Decl."), Exh. A (the "Policy"). The Policy contains an endorsement for False Pretense Coverage that provides coverage for "[s]omeone causing [the policy holder] to voluntarily part with the covered 'auto' by trick, scheme or under false pretenses." *Id*. at 59.

In early 2011, Larson entered into two dealer trades or dealer sales with Valley Cadillac Buick GMC Truck, Inc. ("Valley"). On January 25, 2011, Valley agreed to purchase a 2011 Cadillac CTS (the "CTS") from Larson in exchange for payment in the amount of $46,994.50. Dkt. 17, Declaration of Robert S. Larson ("Larson Dec."), ¶ 5.

On February 2, 2011, Valley agreed to purchase a 2011 Cadillac Escalade (the "Escalade") from Larson for $69,348.91. *Id*. ¶ 6. Although vehicle records show that the cars were sold to retail customers, Valley did not and has not paid Larson for the cars. *Id*. ¶ 7. In fact, Larson has sued Valley for breach of contract, negligent misrepresentation, violation of the Washington Consumer Protection Act, corporate disregard, and shareholder liability in Snohomish County Superior Court for the State of Washington. Westra Dec., Exh. J.

However, before the sales, Valley had entered into a management agreement with Riverside Auto Group, LLC ("Riverside"). Dkt. 12, Declaration of Jerry Welch, Exh. A ("Management Agreement"). The parties entered into the agreement because Riverside intended to buy Valley. Ragnar Patterson, the former owner of Valley, declares that "prospective purchasers and sellers commonly enter into a management agreement as an interim measure while the [purchase] transaction is pending." Dkt. 13, Declaration of Ragnar Patterson, ¶ 4. It appears to be undisputed that, under this agreement, Riverside assumed liability to pay for all vehicles that were purchased by Valley while Riverside was managing Valley, which includes the CTS and Escalade purchases from Larson. Westra Dec., Exh. D.

## III. DISCUSSION

### A. Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. Licensed Dealers**

RCW 46.70.021 governs license requirements and penalties for vehicle dealers in Washington and provides, in part, as follows:

> It is unlawful for any person, firm, or association to act as a vehicle dealer or vehicle manufacturer, to engage in business as such, serve in the capacity of such, advertise himself, herself, or themselves as such, solicit sales as such, or distribute or transfer vehicles for resale in this state, without first obtaining and holding a current license as provided in this chapter, unless the title of the vehicle is in the name of the seller.

RCW 46.70.021(1). Moreover, any violation of that subsection "is also a per se violation of chapter 19.86 RCW and is considered a deceptive practice." RCW 46.70.021(4).

Another Washington statute governs the accountability of licensed dealers for the actions of their employees. Specifically, the statute provides, in part, as follows:

> A vehicle dealer is accountable for the dealer's employees, sales personnel, and managerial personnel while in the performance of their official duties. Any violations of this chapter . . . committed by any of these employees subjects the dealer to license penalties prescribed under RCW 46.70.101.

RCW 46.70.027. Although the first sentence appears to separate an employee from managerial personnel, the second sentence establishes that both employees and managers should be considered employees of the vehicle dealer.

In this case, the first issue is whether Riverside violated RCW 46.70.021. The Management Agreement specifically states that

> [Riverside] is an independent contractor and nothing contained herein shall be deemed to create an employment relationship between [Riverside] and

> [Valley] . . . . Under no circumstances shall [Riverside] be deemed to be an employee of [Valley] . . . .

Management Agreement, ¶ 3(f). While RCW 46.70.027 holds the vehicle dealer accountable for the actions of its employees, including managers, Phoenix has failed to provide, and the Court is unaware of, any similar authority that holds the license holder accountable for the actions of independent contractors like Riverside. As such, it naturally follows that Riverside acted as a vehicle dealer and/or engaged in business as such without first obtaining and holding a current vehicle dealer license. These actions violate RCW 46.70.021(1) and are considered deceptive practices under RCW 46.70.021(4). Therefore, the Court concludes that Riverside committed a deceptive practice by engaging in business with Larson as an independent contractor using Valley's vehicle dealer's license.

**C. False Pretenses**

In Washington, the interpretation of an insurance policy is a question of law. *Overton v. Consolidated Ins. Co.*, 145 Wn.2d 417, 424 (2002). The court must give the terms of the policy a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* Undefined terms are given their "ordinary and common meaning, not their technical, legal meaning." *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 932 P.2d 1244, 1246 (1997). Any ambiguities are to be resolved in favor of the insured and of coverage. *Weyerhaeuser v. Commercial Union*, 142 Wn.2d 654, 703 (2000). An ambiguity exists whenever a provision is susceptible to two or more reasonable interpretations. *Id.*

In this case, the parties dispute the breadth of the false pretenses coverage. Although the parties offer various meanings, the meaning that is most favorable to Larson is "[a]ny similar misrepresentation or deception for an ulterior motive." Dkt. 27 at 15 (citing *Webster's Third New Int'l Dictionary* 819 (2002); *The American Heritage Dictionary of the English Language* 473 (1981)). Under this definition of false pretenses, it can hardly be contested that a per se deceptive act does not fall within the definition. Riverside, as an independent contractor, represented itself as Valley with the ulterior motive of persuading Larson to engage in business with Valley. At the very least, an ambiguity exists, which should be resolved in favor of coverage. Therefore, Phoenix has failed to show that it is entitled to judgment as a matter of law, and the Court denies Phoenix's motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Phoenix's motion for partial summary judgment (Dkt. 11) is **DENIED**.

Dated this 17th day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge