UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARSON MOTORS, INC.,

                    Plaintiff,

v.

PHOENIX INSURANCE COMPANY,

                    Defendant.

CASE NO. C15-85 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

       This matter comes before the Court on Defendant Phoenix Insurance Company's ("Phoenix") motion for summary judgment (Dkt. 49). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

       On January 20, 2015, Plaintiff Larson Motors, Inc. ("Larson") filed a complaint against Phoenix asserting causes of action for declaratory judgment regarding covered losses under an insurance contract, breach of contract, violations of the Washington Consumer Protection Act ("CPA"), violation of the duty of good faith and fair dealing, and violations of the Washington Insurance Fair Conduct Act ("IFCA"). Dkt. 1.

1   On December 21, 2015, Phoenix filed a motion for summary judgment.  Dkt. 49.

2   On January 8, 2016, Larson responded.  Dkt. 53.  On January 15, 2016, Phoenix replied.

3   Dkt. 58.

4                           **II. FACTUAL BACKGROUND**

5       This case concerns a Commercial Auto Policy that Phoenix issued to Larson for a

6   policy period of August 1, 2010, to August 1, 2011.  Dkt. 15, Declaration of John Westra

7   ("Westra Decl."),  Exh. A (the "Policy").  The Policy contains an endorsement for False

8   Pretense Coverage that provides coverage for "[s]omeone causing [the policy holder] to

9   voluntarily part with the covered 'auto' by trick, scheme or under false pretenses."  *Id*. at

10  59.

11      In early 2011, Larson entered into two dealer trades or dealer sales with Valley

12  Cadillac Buick GMC Truck, Inc. ("Valley").  On January 25, 2011, Valley agreed to

13  purchase a 2011 Cadillac CTS (the "CTS") from Larson in exchange for payment in the

14  amount of $46,994.50.  Dkt. 17, Declaration of Robert S. Larson ("Larson Dec."), ¶ 5.

15  On February 2, 2011, Valley agreed to purchase a 2011 Cadillac Escalade (the

16  "Escalade") from Larson for $69,348.91.  *Id*. ¶ 6.  Although vehicle records show that the

17  cars were sold to retail customers, Valley did not and has not paid Larson for the cars.  *Id*.

18  ¶ 7.  In fact, Larson has sued Valley for breach of contract, negligent misrepresentation,

19  violation of the CPA, corporate disregard, and shareholder liability in Snohomish County

20  Superior Court for the State of Washington.  Westra Dec., Exh. J.

21      However, before the sales, Valley had entered into a management agreement with

22  Riverside Auto Group, LLC ("Riverside").  Dkt. 12, Declaration of Jerry Welch, Exh. A

1  ("Management Agreement").  The parties entered into the agreement because Riverside

2  intended to buy Valley.  Ragnar Patterson, the former owner of Valley, declares that

3  "prospective purchasers and sellers commonly enter into a management agreement as an

4  interim measure while the [purchase] transaction is pending."  Dkt. 13, Declaration of

5  Ragnar Patterson, ¶ 4.  It appears to be undisputed that, under this agreement, Riverside

6  assumed liability to pay for all vehicles that were purchased by Valley while Riverside

7  was managing Valley, which includes the CTS and Escalade purchases from Larson.

8  Westra Dec., Exh. D.

9          On January 31, 2012, Larson Motors tendered a claim to Phoenix.  *Id*., Exh. B.

10  On February 7, 2012, Phoenix's claims representative Lisa Vandezande sent a letter to

11  Larson denying coverage.  *Id*., Exh. C.  Ms. Vandezande concluded that Valley's failure

12  to pay was not a covered loss and the vehicles were not covered by the false pretense

13  coverage in the contract.  *Id*.

14          On October 10, 2014, Larson, through counsel, sent a letter to Phoenix.  Larson

15  asserted that "Phoenix's investigation was flawed, and the claim was denied without

16  justification."  *Id*., Exh. D at 1.  Larson requested reconsideration of the coverage

17  decision and that Phoenix pay the claim in full.  *Id*.  On October 24, 2014, Phoenix's

18  technical specialist, John Westra, responded and again denied the claim stating that "the

19  information [Larson] provided does not change [Phoenix's] previously documented

20  position . . . ."  *Id*., Exh. E.

21          On October 28, 2014, Larson's counsel responded and informed Mr. Westra of

22  Larson's claims against Phoenix under IFCA.  Dkt. 18-6 at 11–14.  Larson alleged that

1  Phoenix (1) misrepresented pertinent facts and insurance policy provisions, (2) failed to

2  acknowledge and act promptly on Larson's claim, (3) refused to pay the claim without a

3  reasonable investigation, and (4) failed to provide a reasonable explanation for denial of

4  the claim.  *Id.*

5         On November 14, 2014, Mr. Westra responded.  Dkt. 18-6 at 15–18.  Mr. Westra

6  disagreed with Larson's alleged violation of IFCA and, in addition to the previous

7  reasons for denial, offered additional reasons for denial of the claim.  *Id.*  Specifically,

8  Mr. Westra concluded that exclusions to the false pretenses coverage applied.  *Id.* at 17.

9  **III. DISCUSSION**

10         In this case, Phoenix moves for summary judgment on Larson's extra-contractual

11  claims.  Larson responds in part by requesting an extension of time pursuant to Rule

12  56(d).  Dkt. 53 at 20.  Larson argues that it is entitled to Phoenix's unredacted claim file,

13  which may produce facts to support its claims.  To the extent that outstanding discovery

14  issues may directly impact this summary judgment motion, the Court agrees that Rule

15  56(d) is implicated.  With regard to what is the best remedy under the rule, the Court

16  concludes that denying the motion without prejudice is warranted because the motion

17  also depends, at least in part, on the vacated order denying coverage.

18  **IV. ORDER**

19         Therefore, it is hereby **ORDERED** that Phoenix's motion for summary judgment

20  (Dkt. 49) is **DENIED.**

21         With regard to the remaining issues in this case, the parties shall meet and confer

22  and submit a joint status report no later than March 4, 2016.  The parties should address a

1    plan and timetable to resolve the discovery issues, a deadline for dispositive motions, and

2    a new trial date.

3            Dated this 23rd day of February, 2016.

4

5                                                    _____

6                                                    BENJAMIN H. SETTLE
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 5